UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Leyla Flores,
Nelsy Ortiz,
Selina Rodriguez,
Yaneisi Hernandez,
and Edison J. Ortiz,
on behalf of themselves
and other similarly situated individuals,

    Plaintiffs,

v.


La Supreme Michoacana, Inc.
a/k/a La Michoacana Paleteria
Miguel Chavez, and
Arnulfo Chavez, individually

    Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

COME NOW the Plaintiffs Leyla Flores, Nelsy Ortiz, Selina Rodriguez, Yaneisi Hernandez, Edison J. Ortiz, and other similarly situated individuals, by and through the undersigned counsel and hereby sue Defendants La Supreme Michoacana, Inc., a/k/a/ La Michoacana Paleteria, Miguel Chavez, and Arnulfo Chavez, individually, and allege:

Jurisdiction Venue and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title

29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiffs Leyla Flores, Nelsy Ortiz, Selina Rodriguez, Yaneisi Hernandez, and Edison J. Ortiz are residents of Homestead, Dade County, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant La Supreme Michoacana, Inc., a/k/a/ La Michoacana Paleteria, is a Florida corporation within this jurisdiction Court. At all times, Defendants was and is engaged in interstate commerce.

4. Defendant La Supreme Michoacana, Inc., a/k/a/ La Michoacana Paleteria (hereinafter, La Michoacana Paleteria, or Defendant) was the Employer of Plaintiffs and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. The individual Defendants, Miguel Chavez and Arnulfo Chavez were and are now the owners/partners/managers of Defendant Corporation La Michoacana Paleteria. These individual Defendants are the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

Factual Allegations

7. This cause of action is brought by Plaintiffs as a collective action to recover from Defendants half-time overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs, and all other current and former employees

similarly situated to Plaintiffs ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after March 2022, (the "material time") without being compensated overtime wages pursuant to the FLSA.

8. Defendant La Michoacana Paleteria La Michoacana Paleteriais a retail business/or Hispanic Supermarket and ice cream shop, selling also baked goods and Mexican dishes. Defendants provide take-out and delivery services.

9. Defendants La Michoacana Paleteria is located at 344 Washington Avenue, Homestead, Florida 33030, where the Plaintiffs worked.

10. The Employer La Michoacana Paleteria was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendants is a supermarket and affects interstate commerce through its business activity. Defendants had more than two employees recurrently engaged in commerce or producing goods for commerce. Defendants use the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

11. Plaintiffs were employed by an enterprise engaged in interstate commerce and through their daily activities, Plaintiffs and other employees similarly situated regularly and recurrently participated directly in interstate commerce by handling, working on goods and/or materials produced for commerce and moved in interstate commerce at any time in business. Therefore, there is FLSA individual coverage.

12. Defendants La Michoacana Paleteria, Miguel Chavez, and Arnulfo Chavez employed Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, and Yaneisi Hernandez as non-exempted, full-time servers and store attendants.

13. Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, and Yaneisi Hernandez had the same duties, and they were paid an hourly rate of $10.00 an hour. Plaintiffs also received some tips. The Plaintiffs' overtime rate should be $15.00 an hour.

14. Defendants La Michoacana Paleteria, Miguel Chavez, and Arnulfo Chavez employed Plaintiff Edison J. Ortiz as a non-exempted, full-time kitchen employee. Plaintiff Edison J. Ortiz had a daily wage rate of $100.00.

15. During their relevant time of employment, Plaintiffs Leyla Flores, Nelsy Ortiz, Selina Rodriguez, Yaneisi Hernandez, and Edison J. Ortiz worked a similar schedule, more than 40 hours weekly. Plaintiffs were not able to take bonafide lunch periods.

16. Plaintiff worked in excess of 40 hours weekly, but they were not paid for overtime hours, as required by the FLSA. Plaintiffs were paid at their regular rate for all their working hours, but they did not receive extra compensation for overtime hours.

17. Plaintiffs and other similarly situated individuals were non-exempted employees. Consequently, Plaintiffs and other similarly situated employees are covered employees under the overtime provisions of Section 7 (a) of the Fair Labor Standards Act (FLSA). They are entitled to be paid at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a work week.

18. However, Defendants maintained a common policy and practice of failing to pay Plaintiffs and other similarly situated individuals overtime wages for every hour worked in excess of 40

weekly, calculated at the rate of one and a half times their regular rate, as provided by Federal law.

19. Plaintiffs clocked in and out, and Defendants could keep track of the hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the number of hours that each Plaintiff worked during the week.

20. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

21. Plaintiffs were paid weekly with cash without paystubs showing the number of days and hours worked, wage rate paid, etc.

22. Plaintiffs Leyla Flores, Nelsy Ortiz, and Yaneisi Hernandez were fired on different dates, but within a short time, due to discriminatory reasons.

23. Plaintiff Selina Rodriguez was forced to resign from her position on or about October 23, 2022, due to discriminatory reasons.

24. Plaintiff Edison J. Ortiz was fired on or about November 06, 2022, due to his opposition to illegal discrimination.

25. Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, and Edison J. Ortiz are in the process of filing their Charge of Discrimination with U.S Equal Employment Opportunity Commission (EEOC).

26. Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, Edison J. Ortiz Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, and Edison J. Ortiz seek to

recover unpaid half-time overtime wages accumulated during their relevant time of employment and any other relief as applicable by law.

27. At times mentioned, individual Defendants Miguel Chavez and Arnulfo Chavez were, and are now, the owners/partners/managers of La Michoacana Paleteria. Defendants Miguel Chavez and Arnulfo Chavez were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in La Michoacana Paleteria's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Miguel Chavez and Arnulfo Chavez had financial and operational control of the business, determining Plaintiffs' terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

28. Plaintiffs have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable attorneys' fees and costs.

Collective Action Allegations

29. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

30. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

31. This action is intended to include every server, store attendant, kitchen employee, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years. All proposed class members worked pursuant to Defendants' previously described

common business practices, and, as a result of such practices, they did not receive overtime premium pay for hours worked over 40 in a workweek.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

32. Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, and Edison J. Ortiz re-adopt every factual allegation as stated in paragraphs 1-31 above as if stated in full herein.

33. This action is brought by Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, Edison J. Ortiz, and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

34. Defendants La Michoacana Paleteria, Miguel Chavez, and Arnulfo Chavez employed Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, and Yaneisi Hernandez as non-exempted, full-time servers and store attendants.

35. Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, and Yaneisi Hernandez had the same duties, and they were paid an hourly rate of $10.00 an hour. Plaintiffs also received some tips. Plaintiffs' overtime rate should be $15.00 an hour.

36. Defendants La Michoacana Paleteria, Miguel Chavez, and Arnulfo Chavez employed Plaintiff Edison J. Ortiz as a non-exempted, full-time kitchen employee. Plaintiff Edison J. Ortiz had a daily wage rate of $100.00.

37. During their relevant time of employment, Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, and Edison J. Ortiz worked a similar schedule, more than 40 hours weekly, but they were not paid for overtime hours, as required by the FLSA. Plaintiffs received only their regular wage rate, but they did not receive extra compensation for overtime hours.

38. Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, Edison J. Ortiz, and other similarly situated employees are non-exempted employees.

39. Consequently, Plaintiffs and other similarly situated employees are covered employees under the overtime provisions of Section 7 (a) of the Fair Labor Standards Act (FLSA). They are entitled to be paid at a rate not less than one and one-half times their regular pay rates for all hours worked in excess of 40 hours in a work week.

40. Throughout their relevant time of employment with Defendants, Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, and Edison J. Ortiz worked more than 40 hours weekly.

41. Plaintiffs clocked in and out, and Defendants could keep track of the hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the number of hours each Plaintiff worked during the week.

42. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

43. Plaintiffs were paid weekly with cash without paystubs showing the number of days and hours worked, wage rate paid, etc.

44. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

45. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

47. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery Plaintiffs are not able to accurately calculate their hours week by week until such time as when they receive discovery from Defendants.

48. **1.- Plaintiff Nelsy Ortiz/ Total half-time O/T 29 weeks = $725.00**

    Defendants employed Plaintiff from March 15, 2022, to October 06, 2022, or 29 weeks.
    Worked Monday, Thursday, and Friday from 3:00 PM to 10:00 PM (7 hours) x 3 days=21
    Saturdays and Sundays from 10:00 AM to 10:00 PM (12 hours) x 2 days =24 hours
    Total hours weekly= 45 hours

    Relevant weeks: 29 weeks
    Days worked: 5 days weekly
    Total hours worked: 45 hours weekly average
    Unpaid O/T  hours: 45 hours
    Hourly rate: $10.00 x 1.5=$15.00
    O/T rate: $15.00-$10.00 O/T rate paid=$5.00 O/T difference
    Half-time: $5.00

    $5.00 x 5 O/T hours=$25.00  weekly x 29 weeks=$725.00

49. **2.- Plaintiff Leyla Flores /Total half-time O/T 26 weeks= $650.00**

    Defendants employed Plaintiff from May 01, 2022, to October 30, 2022, or 26 weeks.

Worked Monday, Thursday, and Friday from 3:00 PM to 10:00 PM (7 hours) x 3 days=21
Saturdays and Sundays from 10:00 AM to 10:00 PM (12 hours) x 2 days =24 hours
Total hours weekly= 45 hours

Relevant weeks: 26 weeks
Days worked: 5 days weekly
Total hours worked: 45 hours weekly average
Unpaid O/T hours: 45 hours
Hourly rate: $10.00 x 1.5=$15.00
O/T rate: $15.00-$10.00 O/T rate paid=$5.00 O/T difference
Half-time: $5.00

$5.00 x 5 O/T hours=$25.00 weekly x 26 weeks=$650.00

50. **3.- Plaintiff Selina Rodriguez / Total half-time O/T 12 weeks = $300.00**

Defendants employed Plaintiff from August 01, 2021, to October 23, 2022, or 12 weeks.
Worked Monday, Thursday, and Friday from 3:00 PM to 10:00 PM (7 hours) x 3 days=21
Saturdays and Sundays from 10:00 AM to 10:00 PM (12 hours) x 2 days =24 hours
Total hours weekly= 45 hours

Relevant weeks: 12 weeks
Days worked: 5 days weekly
Total hours worked: 45 hours weekly average
Unpaid O/T hours: 45 hours
Hourly rate: $10.00 x 1.5=$15.00
O/T rate: $15.00-$10.00 O/T rate paid=$5.00 O/T difference
Half-time: $5.00

$5.00 x 5 O/T hours=$25.00 weekly x 12 weeks=$300.00

51. **4.- Plaintiff Yaneisi Hernandez/ Total half-time O/T 53 weeks =$530.00**

Defendants employed Plaintiff from October 15, 2021, to October 23, 2022, or 53 weeks

Worked Monday, Tuesday, Thursday, Friday, Saturday, and Sunday from 3:00 PM to 10:00 PM (7 hours) x 6 days=42 hours
Total hours weekly= 42 hours

Relevant weeks: 53 weeks
Days worked: 6 days weekly

Total hours worked: 42 hours weekly average
Unpaid O/T hours: 2 hours
Hourly rate: $10.00 x 1.5=$15.00
O/T rate: $15.00-$10.00 O/T rate paid=$5.00 O/T difference
Half-time: $5.00

$5.00 x 2 O/T hours=$10.00  weekly x 53 weeks=$530.00

52. **5.- Plaintiff Edison J. Ortiz/ Total half-time O/T 29 weeks =$4,456.14**

    Defendants employed Plaintiff from April 15, 2022, to November 06, 2022, or 29 weeks. Plaintiff worked 6 days per week from 10:00 AM to 9:00 PM or 11:00 AM to 10:00 PM (11 hours daily) x 6 days= 66 hours weekly

    Relevant weeks: 29 weeks
    Daily rate: $100.00
    Days worked: 6 days x $100.00=$600.00 weekly
    Total hours worked: 66 hours weekly average
    O/T hours: 26 hours
    Paid weekly: $600:66 hour=$9.09 Regular rate:2=$7.62 half-time
    Florida Minimum wage 2022: $10.00 an hour x 1.5=$15.00
    O/T rate:  $15.00-$9.09 rate paid=$5.91 Difference
    Half-time: $5.91
    $5.91 x 26 O/T hours=$153.66 weekly x 29 weeks=$4,456.14

53. At all times material hereto, the Employer/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

54. Defendants intentionally failed to pay Plaintiffs their overtime wages and/or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. The Defendants had knowledge of Plaintiffs' work schedule and the number of hours they worked. Defendants had knowledge of the wages that they were receiving. Defendants knew or should have known of the work performed by Plaintiffs and their

obligation to pay overtime wages to Plaintiffs, as well as the pay practices not comporting with the FLSA. As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiffs and others similarly situated in the amount of the unpaid overtime wages. Accordingly, plaintiffs and those similarly-situated are entitled to recover double damages.

55. Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, and Edison J. Ortiz have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, and Edison J. Ortiz, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, and Edison J. Ortiz, and other similarly situated and against Defendants La Michoacana Paleteria, Miguel Chavez, and Arnulfo Chavez based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Jury Demand

Plaintiffs Nelsy Ortiz, Leyla Flores, Selina Rodriguez, Yaneisi Hernandez, Edison J. Ortiz, and those similarly situated demand trial by a jury of all issues triable as a right by jury.

## COUNT II:

## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS; AS TO PLAINTIFF EDISON J, ORTIZ

56. Plaintiff Edison J. Ortiz re-adopts every factual allegation concerning him as stated in paragraphs 1-31 of this Complaint as if set out in full herein.

57. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day, and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

58. Defendants La Michoacana Paleteria, Miguel Chavez, and Arnulfo Chavez employed Plaintiff Edison J. Ortiz as a non-exempted, full-time kitchen employee. Plaintiff Edison J. Ortiz had a daily wage rate of $100.00.

59. While employed by Defendants, Plaintiff worked six days per week, a total of 66 hours weekly.

60. Plaintiff was paid a daily rate of $100.00, or $600.00 weekly. However, the wages received every week, divided by the 66 working hours, resulted in an hourly rate of $9.09, which is less than the required minimum wage, as per FLSA regulations.

61. Plaintiff clocked in and out, and Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

62. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

63. Plaintiff was paid weekly with cash, without paystubs providing basic information such as the number of days and hours worked, wage rate paid, etc.

64. Plaintiff was fired on or about November 06, 2022, due to discriminatory reasons.

65. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

66. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

67. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

68. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

    *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
    Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. Total amount of alleged unpaid wages:

   One Thousand Seven Hundred Forty-One Dollars and 74/100 ($1,741.74)

b. Calculation of such wages:

   Total period of employment: 29 weeks

    Total number of relevant weeks: 29 weeks
    Total number of hours worked:  66 hours weekly
    Daily rate: $100.00 x 6 days= $600.00 weekly
    Paid: 600 weekly: 66 hours worked=$9.09 hourly rate
    Fl Minimum wage 2022: $10.00- $9.09 rate paid=$0.91 Min. wage difference

    $0.91 x 66 hours = $60.06 weekly x 29 weeks= $1,741.74

c. <u>Nature of wages:</u>

This amount represents regular unpaid wages at the Florida minimum wage rate.[1]

69. Defendants La Michoacana Paleteria, Miguel Chavez, and Arnulfo Chavez unlawfully failed to pay minimum wages to Plaintiff Edison J. Ortiz.

70. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

71. Defendants La Michoacana Paleteria, Miguel Chavez, and Arnulfo Chavez willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

72. Plaintiff Edison J. Ortiz has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Edison J. Ortiz respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff and against the Defendants La Michoacana Paleteria,

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Miguel Chavez, and Arnulfo based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Leyla Flores, and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

Date:  December 31, 2022

                Respectfully submitted,

                By:  **/s/ Zandro E. Palma**
                ZANDRO E. PALMA, P.elbA.
                Florida Bar No.: 0024031
                9100 S. Dadeland Blvd.
                Suite 1500
                Miami, FL 33156
                Telephone: (305) 446-1500
                Facsimile:  (305) 446-1502
                zep@thepalmalawgroup.com
                *Attorney for Plaintiffs*