UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-24271-CIV-MOORE-LOUIS

LEYLA FLORES,
NELSY ORTIZ,
YANEISI HERNANDEZ,
and EDISON J. ORTIZ,

    Plaintiffs,

v.

LA SUPREME MICHOACANA, INC.
a/k/a LA MICHOACANA PALETERIA,
MIGUEL CHAVEZ, individually,
and ARNULFO CHAVEZ, individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF THE PARTIES'
SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE**

    Plaintiffs, LEYLA FLORES, NELSY ORTIZ, YANEISI HERNANDEZ and EDISON J. ORTIZ ("Plaintiffs"), and Defendants, LA SUPREME MICHOACANA, INC. a/k/a LA MICHOACANA PALETERIA, MIGUEL CHAVEZ and ARNULFO CHAVEZ ("Defendants"), (collectively referred to herein as the "Parties"), by and through their undersigned counsel, jointly file this motion for approval of the parties' settlement and hereby stipulate to the voluntary dismissal, with prejudice, of this action in its entirety pursuant to Fed. R. Civ. P. 41(a)(2), subject to the Court's review and approval of the settlement.

    The Parties jointly move the Court for entry of an Order approving the Parties' settlement and for dismissal of this action, with prejudice, and state as follows:

    1. On December 31, 2022, Plaintiffs filed a two-count Collective Action Complaint alleging Defendants failed to pay them overtime wages under the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") (Count I). Plaintiff EDISON J. ORTIZ also asserted a claim for unpaid minimum wages under the FLSA. (Count II) [*See generally*, ECF No. 1].

2. Defendants denied any and all liability and further denied that Plaintiffs were entitled to any relief whatsoever.

3. On March 31st, 2023, the parties participated in the Court ordered settlement conference conducted by the Honorable Magistrate Judge Lauren F. Louis. With the guidance and assistance of Judge Louis, the parties were able to amicably resolve and negotiated a settlement in this matter.

4. The Parties were represented by employment counsel with extensive experience in FLSA litigation who fully explained the terms, contents, conditions, and effects of the Parties' settlement agreement to their respective clients.

5. Pursuant to *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor.

6. The Parties stipulate that the settlement reached between them represents a "fair and reasonable" resolution of all of Plaintiffs' claims and that the terms of the settlement are acceptable to both Plaintiffs and Defendants. Specifically, based upon their respective estimates of Plaintiffs' underlying claims and their claims for attorney's fees and costs, the parties negotiated the settlement amount herein. Additionally, it is also reasonable given the high costs of defending and litigating this matter and the time and resources which would have been expended by both parties in taking this matter to trial. This settlement was arrived at after considerable negotiation by the parties and the

Defendants do not admit any liability in this action. The Parties also stipulate that the settlement reached between them represents an efficient resolution of this dispute and, thus, advances judicial economy.

7. With regards to legal fees, Defendants will pay Plaintiffs' counsel $6,150.00 in attorney's fees and $850.00 in costs, which have been incurred to date in this action, including preparation and review of all settlement documents. Plaintiffs' counsel, who has over 16 years of experience litigating employment related matters, charges an hourly rate of $400.00. This rate has been approved by this Honorable Court, as well as Courts in the Middle and Northern Districts of Florida. ("Plaintiff's counsel, Mr. Zandro E. Palma, Esq., charges an hourly rate of $400.00 for litigating employment cases in both federal and state court. [27-2] at 3. The Court does not find this hourly rate excessive. See, e.g., *Toledo v. Vioss Vision, Inc*., No. 18-20309-CIV, 2019 WL 5689246, at *2-3 (S.D. Fla. Oct. 31, 2019) (finding counsel's hourly rate of $425.00 to be reasonable where the attorney had been a member of the Florida Bar for twenty years, was the founder of his law firm, and specialized in employment and labor matters)" See, *Restrepo v. Modern Roofing Experts, Inc., et al*., Case No.: 2:21-cv-14080-KMM, [D.E. 28] (S.D. Fla. Apr. 2, 2021). "[Mr. Palma's] customary rate for new clients is $400.00 per hour. See [ECF No. 46-1 at ¶ 12]. Based on the Court's expertise and familiarity, regarding prevalent market rates for attorneys with like experience to Plaintiffs' counsel herein, the Court finds the hourly rate of $400.00 per hour reasonable under the circumstances." See, *Briseno, et al. v. Cuprys and Associates, et al*., Case No.: 2:22-cv-20139-LMR, [D.E. 47] (S.D. Fla. Jul. 22nd, 2022).

8. Plaintiffs' counsel has expended approximately 30 hours on this matter to date, which includes time spent conducting informal discovery, records review, settlement conference, attorney-client communications, preparation and drafting of all settlement documents, and other off-the-record activity. Notwithstanding, Plaintiffs' counsel's attorney's fees and costs were compromised and reduced in good faith in order to facilitate settlement. Consequentially, Plaintiffs' recovery was not adversely affected by the amount of fees and costs to be paid to their attorney.

9. The Parties further stipulate to the dismissal, with prejudice, of this action upon approval by the Court and for the Court to retain jurisdiction for thirty (30) days in order to enforce the terms and conditions of the Settlement Agreement and Release of FLSA Claims (the "Agreement").

10. The parties' settlement agreement is attached hereto as Exhibit "A" for this Court's consideration.

WHEREFORE, the Parties respectfully request that this Court approve the Agreement, dismiss this matter with prejudice, and retain jurisdiction for thirty (30) days to enforce the terms of the Agreement.

Dated: April 18th, 2023

Respectfully submitted,

s/ *Zandro E. Palma*
Zandro E. Palma, Esq. (FBN. 0024031)
Email: *zep@thepalmalawgroup.com*
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd., Suite 1500
Miami, Florida 33156
Telephone: (305) 446-1500

*Counsel for Plaintiff*

s/ *Nataline Garcia*
Nataline Garcia, Esq. (FBN. 1007959)
E-mail: *ngarcia@raygarcialaw.com*
LAW OFFICE OF RAY GARCIA, P.A.
14850 SW 26th Street, Suite 204
Miami, Florida 33185
Telephone: (305) 227-4030
Facsimile: (305) 223-9811

*Counsel for Defendants*